Good morning, and may it please the Court. Alexander Frank of Michel and Associates, Counsel for Appellants Richard and Miranda Wallingford. I would like to reserve two minutes for a moment. All right. Under California law, when a court issues a restraining order pursuant to Code of Civil Procedure Section 527.6, the restrained individual is automatically stripped of their Second Amendment right to have firearms. That restriction applies regardless of what behavior was the reason for the restraining order. And the court has no discretion. There's no balancing of the equities. There's no weighing of the hardships. There's no tailoring of the restriction. It's a total and automatic elimination of all Second Amendment rights. That's what happened to the Wallingfords, and that's why they filed a federal lawsuit alleging that the firearm prohibition is unconstitutional. Unfortunately, the district court dismissed their complaint pursuant to the Rooker-Feldman doctrine, and the district court did so in error. Rooker-Feldman should be a straightforward analysis. The idea is simple. Federal district courts are not appeal courts for unhappy state court litigants. You cannot lose in California state court and then go to the federal district court for another bite at the eye. The first step of this analysis asks whether the federal plaintiff has brought a de facto appeal of a state court loss into the federal district court. This first step requires asking two questions. Is the federal plaintiff alleging that the state court made an error, and is the federal plaintiff seeking relief from that alleged error? Well, why aren't you asserting that the state court made an error, in a sense, in that you're contesting effectively that the judgment here contains a prohibition on firearm ownership? Because this isn't just, you know, a judgment of restraint is entered, and then the statute happens to say, oh, collaterally, you can't own a firearm. The statute directs that when such an order is entered, that the order include a prohibition. So it actually becomes part of the state judgment. And yet you never objected in the state court to the inclusion of that in the judgment. Am I reading this wrong? I believe you are reading it wrong, Your Honor. The statute removes discretion from the judge in a restraining order proceeding to make the call about whether or not the subject of the restraining order should or should not have firearms. There's no discretion. It's taken away from the court. The only issue that the court decides in the state restraining order proceeding is whether or not—it's a factual finding—is whether or not there has been unlawful harassment. But, counsel, I didn't find the actual final order in the record. But the record references the form number, CH-130, which is readily available. And CH-130, at least in the form, Section 8, has a provision that has to be in the restraining order, no guns or other firearms and ammunition. Like about eight lines after that, you can't own, you have to turn them over, etc. You don't dispute that that provision was in the final restraining order here, right? I don't dispute it, and that's exactly my point. And so the relief that you are seeking here would essentially involve taking a scissors, if you want, taking a scissors to the actual order entered by the court and just removing that provision in its entirety from the actual restraining order signed by the judge, right? Potentially, yes. Well, I mean, not just—I mean, potentially, if you won, but that's the exact relief that you're seeking. You are challenging no other part of the order, as I understand it, so I'm going to make this a declarative sentence, but you can tell me if I've got it wrong. You're challenging no other part of the order, but if you win, those 10 lines in Section 8 of the order get excised. That's correct. The Longfords do not allege that the state court determination to enter a restraining order against them was made in error, and that's really the problem, is that the evidentiary burden that a restraining order applicant has to meet in order to trigger the automatic firearm prohibition is exceedingly low, and it's the only determination. But what prevented— I certainly—I'm sorry, no, no, please, please, no, no, please go ahead, Judge Foote. My question was going to be, what prevented you from appealing the constitutionality of that mandatory sanction in state court? What prevented us from appealing it is the fact that we couldn't make the argument really in the first place. I don't understand that. I mean, that may be neither here nor there, counsel, to our analysis, but I don't understand that argument. Doesn't the supremacy clause of the United States Constitution give you the right to make that argument? It might, but the way that this procedure is unusually truncated in—it just doesn't—it doesn't—if we can't present the argument in the trial court, then we— Why can't you present the argument in the trial court? Why can't you say to the court, this provision violates the Second Amendment of the United States Constitution as incorporated by the Fourteenth Amendment, and the supremacy clause requires that you enforce the United States Constitution where applicable? I think the trial court would have likely pointed to subdivision H of the statute and said, counsel, we're not really allowed to assess that, because my discretion is bounded to the factual determination of harassment. Can you point to anything at all—I mean, again, I'm not sure this is here nor there, but can you point to anything in any California statute which would deprive the trial court of the ability to enforce the United States Constitution in a restraining order proceeding? What I can point to is the statute at issue here, which is subdivision H of 527.6, and it is a bizarre statute. And it reads, the respondent may file a response that explains, excuses, justifies, or denies the alleged harassment, or may file a cross petition under this section. And that makes sense given the fact that the statute, if taken in totality, tells the court that it shall issue an order upon that claim. It doesn't authorize the court to entertain any other arguments about any general constitutional prohibitions. And I don't think a court could reconcile whatever constitutional considerations that a restraining order proceeding respondent might bring. I think under a straightforward reading of the statute, the court would say, my only discretion here is to make this factual determination. And whatever happens after I've made the factual determination happens, but I can't not grant the restraining order if I deem that the restraining order applicant has satisfied their indentury purdue. It's a bizarre statute, and that's ultimately why we're here, because the state proceeding really doesn't protect federal rights. Here, the most important thing is that the law enforcement do not allege that the state court made any errors. This is what's critical. Now, of course, they're not happy with the California state court decision to oppose the restraining orders, and that's because they understand that the restraining order statute is a very easy statute for a restraining order applicant to satisfy. So there probably was no error, and the law enforcement's not alleged that there wasn't. Well, I mean, I'm not sure that's an entirely accurate characterization of your complaint. I'm looking at paragraph 4 of your complaint, and you criticize the restraining order court. The court never even explained exactly how plaintiff's action met the standard for issuance of a restraining order under California law. So your complaint certainly is criticizing the court for issuing the restraining order, even aside from the Second Amendment issue. Yes, but our complaint doesn't contend squarely that it was made an error and should be reversed, and that's an important distinction. The reason why the complaint tells the background circumstances and events of the entrance of the restraining order is, well, it's necessary. It's necessary to paint a picture of how the operation of these statutes and the triggering of this complete destruction of a constitutional fundamental right is problematic. The complaint wouldn't make sense without telling the background story of what happened in the restraining order proceedings. All right. So, Counsel, I know the district court only ruled on Rooker-Feldman, but everybody agrees and everybody addressed the Younger issue, right? It's been fully agreed, yes. Okay, so the question I have here under Younger is, why isn't this a state civil proceeding that implicates a state's interest in enforcing the orders and judgments of its courts, since, as we've already discussed, the relief that you're seeking would end up excising a particular provision from a court's order and judgment? So why isn't that Younger category implicated here, given what we've already discussed about Section 8 of this order? So Younger, the reason why that's not really implicated here is because this is a civil proceeding between two private parties. And that's one of the Younger categories, but I'm talking about a different one. Younger says criminal proceedings, civil proceedings that are akin to criminal proceedings, and civil proceedings that implicate, or our interpretation of Younger, implicate a state's interest in enforcing the orders and judgments of its courts. Why doesn't this come within that third, even if it doesn't in the first two? Well, I would say that there's no legitimate state interest in seeing an unconstitutional law enforced. That's really the strongest reason, is that it does. So they have an interest, but it's a bad interest. So we should judge that third category by whether we agree on the merits, whether the state's right or not. So if we find that the state's position that nobody who has a restraining order should have a gun is illegal, that that automatically means they don't actually have an interest in enforcing the orders and judgments of their courts? I think that's partially right, but I would contest that there actually is a state interest here. My understanding of the important state interest is the state's interest in administering its justice system, not seeing that any substantive law that's on the books in the state is enforced. I think those are two different reasons. You see it in that category as primarily focused. The essential ingredient would be that there's an attack on state procedures and that that's missing here. Is that your argument? That is my argument, is that what's at issue here is the question of whether or not the underlying substantive law passes constitutional muster. It's not about the court's ability to administer justice within its system. And there's many Supreme Court authorities that delineate that important difference. So I think I take I take the point in Judge Collins's question and your answer. I think you're familiar because both sides, I think, discussed in their briefs with the Reinerson case in our court from twenty eighteen. Yes. So one of the things that we said in that case is Reinerson did not challenge the terms of the protection orders issued against him in his federal suit. Here, though, you are challenging the terms of the the order issued against you specifically section eight. Right. We're challenging the the automatic imposition of the firearm prohibition. So did you want to reserve your remaining time? No, I'd like to say a few more. All right. And that's fine. And we've taken up a lot of your time with questions and we'll give you extra time for a rebuttal. I appreciate it. Thank you. I'd like to just say a few more words about to amend. So the district court did make an error in not granting leave to amend. And that's for several reasons. So the default rule is that leave to amend should be freely granted. And only only when it's clear that a plaintiff has engaged in bad faith or any delay or fail to cure a material deficiency or that the deficiency in the complaint is insurmountable as a matter of law or some other unusual prejudice would result should leave to amend not be given. But none of those factors are present here. So. So, counsel, I'm just going to ask you a question. I understand your argument on that. But doesn't this case essentially become moot on November 1st if relief hasn't been even assuming we were to agree with you on appeal and send it back? If you if you're November 1st comes without your getting relief, isn't the case moot? Yes, but there's a possibility, a strong possibility that the restraining order will be renewed. What what what is the strong possibility that that that the original restraining order applicant to go back into court and ask the court to renew the restraining order petition? Is there any is there any evidence that she would do that? That's in the record. I don't believe so. But it's like. I believe my time is up. So, counsel, what I'll do is I'll give you another minute now and then I'll give you two minutes on rebuttal. Thank you. So just in turning back to my point, I'll get to it. Feldman itself was clear that plaintiffs in a situation that is perhaps properly or profoundly barred could be given leave to amend the broader species of facial challenge to a to a statute on constitutionality grounds. And that point is even more salient now than ever, because the United States Supreme Court just released its opinion in the Bruin matter about two weeks ago. That case effectively resets the standard of review in scope of the Second Amendment cases. And it does so in a far more plaintiff friendly direction than the post teller pre Bruin standard that courts were applying in scope of the Second Amendment questions before. So there's really never been a better time to plead a patient challenge. And for that reason alone, they shouldn't have. All right. Thank you. We'll hear for counsel for the attorney general. Thank you, Your Honor. May it please the court. Rita Bosworth on behalf of the attorney general. In this case, plaintiffs are asking a federal court to strike a portion of the state court restraining orders because they believe that their specific conduct did not warrant a firearm prohibition. This is not a general constitutional challenge. No matter how many times plaintiffs say it is, it is not. This is an as applied challenge, which is reflected in the complaint. And as plaintiffs have conceded multiple times in their brief and the controlling Supreme Court case of D.C. Court of Appeals versus Sullivan makes crystal clear that district courts do not have jurisdiction to review a state court judgment in an as applied challenge. Counsel, I'm I'm sorry. Go ahead. Judge Collins. I was just going to say it was Maldonado and as applied challenge. Maldonado was both. Your Honor, it was an as applied and a general constitutional challenge. And I was going to ask, Judge, I was going to ask essentially the same question because I'm looking at Maldonado and the court. The court said, quoting Kogassian, a plaintiff must seek not only to set aside a state court judgment. He or she must also allege a legal error by the state court as a basis for that relief. So even if we were to agree with you that this was seeking to set aside a state court judgment, what legal error is alleged here by plaintiff? As I understand, plaintiff's argument is the judge made no legal error that's relevant. The statute requires this in the the order. And we're challenging the statute. We're not claiming the trial judge made any legal error. So and that seems to me to accord with what was going on in Maldonado. So why doesn't Maldonado defeat the Rooker the Rooker Feldman defense? It doesn't defeat Rooker Feldman because in Maldonado, the plaintiff brought both a general constitutional challenge and an as applied challenge. And in Maldonado, the court specifically held that because the plaintiff brought this general constitutional challenge and was challenging the general constitutionality of the statute issue, the case could go forward. It said that just because Maldonado brought also brought in a claim for injunctive relief, that didn't defeat the claim. But it did not hold. There's nothing in the case that says that this that it would have gone forward had he not brought the general constitutional claim. And I would note that plaintiffs have not cited to a single case where if there is just an as applied challenge alone, the Rooker Feldman doctrine does not apply. And so I would submit based on Feldman itself, which is the controlling Supreme Court precedent in this case, Feldman made it very clear that when there is a general constitutional challenge, the case can go forward in federal court. But when it is an as applied challenge based on the specific facts of the case, which necessarily require the state court to make findings of fact, that is barred by Rooker Feldman. Doesn't Maldonado say that an essential ingredient of Rooker Feldman is that a federal plaintiff asserts as a legal wrong and allegedly erroneous decision by a state court. But here they openly concede the state court did absolutely nothing wrong. It did exactly what the law required. Our problem is with the law itself, which looks a lot like Maldonado, who was under an injunction of the state court. At the very same time, he challenged the statute in federal court. And so I'm not sure I see how it's distinguishable. Your Honor, I think plaintiffs are using a little bit of sleight of hand here because I know they say over and over and over in their brief, we're not alleging that the state court erred. But they are because this is an as applied challenge. And so what they keep saying would be true in Maldonado. I mean, at some point, if you're saying the statute is unconstitutional, then, you know, it was true in Maldonado, then the injunction should not be enforced. That was necessarily the consequence of Maldonado. And yet we unambiguously said it's not Booker Telman. Because Maldonado brought a general constitutional challenge, Your Honor. The holding in Maldonado is not clear at all. Where is the language in Maldonado that the load-bearing language that narrows it in the way that you say? So in Maldonado, it says, you're correct, Your Honor. It says a plaintiff must seek not only to set aside a state court judgment, but also to assert a legal error by the state court as a basis of relief. And again, this goes to the de facto appeal analysis set forth in Noel versus Hall. My point is that in this case, the plaintiffs are essentially saying, I know they say that they're not saying the state court erred, but that is actually what they're arguing. They keep saying the state court was required to impose the firearm restriction. But we don't know that the state court wouldn't have imposed it anyway. The state court made a factual determination based on two full days of evidence and six years' worth of disputes. The state court very well may have— And there was an injunction in place in Maldonado. Your argument actually would have been better on the facts of Maldonado in this case. But Maldonado comes out the other way. But, Your Honor, Maldonado was a general constitutional challenge. But I ask you, where in Maldonado? You keep saying that. I mean, factually, that's a difference. But where in Maldonado do we say that that fact is legally significant and makes a difference and limits the holding in Maldonado? Where is that language in Maldonado? Because in Maldonado it said that Maldonado alleged the statute, quote, violated the First Amendment on its face. That was a facial challenge. And then it says, quote, Rooker Feldman may not apply even when a federal plaintiff expressly seeks to set aside a state court judgment. It does not say it definitively wouldn't apply. And it says the claim was not defeated simply because he, quote, seeks relief from the injunction entered by the state court, end quote. So it is saying it is making its holding based on the facial challenge that it can go forward. It says just because he asked for an injunction doesn't defeat the claim. Counsel, although obviously there is a significant difference between a facial challenge and an as-applied challenge, whether it's a First Amendment claim or a Second Amendment claim, you can't get into court at all unless you're arguing that the alleged unconstitutionality injures you, right? Correct, Your Honor. I mean, no, Mr. Maldonado would not have. There's no unconstitutionality in the air. Mr. Maldonado would not have been able to sue if, in fact, he wasn't affected by the alleged unconstitutionality, just like, in this case, plaintiffs wouldn't have been able to sue if they weren't affected by the alleged unconstitutionality. Well, they wouldn't be able to sue in federal court, but they certainly had a remedy in state court. And I cited a number of cases in my brief at page 30, 29, and 30, where absolutely state court litigants can bring federal constitutional challenges in state court. 28 U.S. Code Section 1251 explicitly limits review of state court decisions to the Supreme Court. So federal courts do not have original jurisdiction over state court appeals. That's the whole point here. Under the principles of federalism, federal courts are courts of limited jurisdiction. And when a state court has already decided the facts of the case as here, the federal court cannot then go and rewrite the order or strike a line from the order when it is an as-applied challenge. Counsel, I want to pivot here a bit to Younger. And I thought your brief was a bit thin on why this is an ongoing proceeding. You agree that it has to be an ongoing proceeding in order for Younger to apply, right? Correct. Are you aware of any case which has held that simply because there is an extant injunction order, that for Younger purposes that counts as an ongoing proceeding just because the expiration date of the injunction hasn't come yet? No, Your Honor. I haven't cited a case on that fact, but here's what I will say. Section 527.6J specifically gives the parties the authority to file a motion to modify or terminate the order while it is in effect. And so at any time, plaintiffs could have come in to court. In fact, they could do the same. That's a weird reading of Younger. where it applies to private party actions, the private party's action to enforce its rights against the plaintiff in the Younger suit. And yet, you're now flipping it and saying, well, there isn't a pending proceeding, but there could be if they bring it. I mean, that just converts Younger into an exhaustion doctrine. Your Honor, I disagree. I think that, you know, first of all, I would note that plaintiffs also did not cite any cases on this issue. And in fact, in their brief, they say, quote, we know that that is just not how it works, end quote, in their reply at page 18. And so they haven't cited anything indicating the opposite. In this case, because the order is in place for a limited time, as the court points out, it will expire in three and a half months. Plaintiffs have the ability. They could have brought this challenge. You know, in the underlying proceeding, as the court noted, they have the ability now to bring it. It will not be ongoing anymore once the order is expired. But right now. So, counsel, as I understand them, you know, obviously, I don't have knowledge of all 50 states. But as I understand it, generally, every single extant injunction that is entered carries with it the understanding, either explicitly or implicitly, that as an equitable matter, the Court of Equity, like the Chancellor, always maintains the authority on request to modify an injunction. So is it your position that for younger purposes, the ongoing proceeding is met simply by that principle that whenever there is an injunction that is still in effect, that counts for younger purposes as an ongoing proceeding because somebody could always come in and seek to extend it or modify it? I would say that in this case, as applied to this case, it makes sense that it's an ongoing proceeding. The case, the restraining order expires after a three-year period. It's a very discrete time period. There is specific language in the statute permitting further action on the proceeding. And it will come to an end when the injunction expires. And so I'm not going to make a broad statement that Your Honor has asked about how in all injunctions this factor would apply. But I think in this case, it is very reasonable to believe that there is an ongoing proceeding. So how do you respond to your friend's argument that we just had a seminal Second Amendment case by the Supreme Court that your friend says changes the playing field for plaintiffs? And at the very least, they ought to be given the opportunity to try to amend their complaint in line with the Supreme Court's recent pronouncement. First of all, Your Honor, I would say that I don't think that Bruin affects this particular case at all because we didn't brief the Second Amendment. This is really a jurisdictional issue. Second of all, I would say that the plaintiffs are erroneously assuming that the state court wouldn't have applied the gun restriction had it not been mandated by statute. There's nothing in the court's order addressing the prohibition of firearms. And so the plaintiffs are making a huge leap in their entire argument, in fact, depends on this assumption that the state court would not have imposed the firearm restriction if it didn't have to by statute. And so I think that itself defeats their claim. But getting more specifically to answer Your Honor's question, say, for example, that the state court, everything about the case was the same. But the state court wrote in the order, I believe a firearm restriction is warranted, independent of what the statute says. Then it would be very clear that the plaintiffs were challenging the state court order that the state court aired. That's actually what happened here. It's just that nothing was written in the order. And so either way, this is an issue, Bruin, pre-Bruin, post-Bruin, whatever, this is an issue that should be litigated in state court. In Worldwide Church of God v. McNair, the Ninth Circuit held that state courts are just as equipped as federal courts to litigate federal constitutional rights. Federal courts are courts of limited jurisdiction. This is an issue that could, should, and would be in state court if plaintiffs had followed the jurisdictional rules. And so I don't think that Bruin affects the outcome here at all. This is, again, a factual issue, factual determination made by the state court. Plaintiffs are alleging that the state court aired, and therefore, their remedy is to go through state court. It is not to bring this case to federal court and to ask the federal court to completely rewrite the state order. That's a de facto appeal, and it is barred by Rooker-Feldman. All right, thank you. Mr. Frank, you have two minutes for your rebuttal. You're muted. Thank you, Your Honor. I believe I heard counsel say twice that the state judge would have imposed a firearms ban on the Wallingfords anyway, which I think is a bit of an unwarranted speculation. Judges know what the law is, and I think it's very unlikely the judge would have done that. Also, counsel's point about the ability to challenge this in state court just isn't really accurate. In fact, of all the cases cited in the state's briefing to support the idea that the Wallingfords really should have just litigated this in state court, not a single one of them actually holds that principle out. There are really only two cases that even involve Section 527.6, and if you read them, they both stand for the same proposition, which is that the subject or restrainee can assert a First Amendment privilege when the complaint of behavior is that kind of behavior. It goes to the factual question of what the alleged harassment is. So it's totally cabined in the question of is what I did a privilege and therefore should a restraining order not follow. It has nothing to do with the unconstitutional consequences if the court enters the order. Regarding Younger, turning to Younger for a moment, there's simply no reasonable interpretation of the meaning of ongoing that works in this situation. Just because the Wallingfords could have went back to court potentially and asked for a modification hardly makes this an ongoing proceeding. And besides, Younger's about comedy and federalism and not stepping on the toes of the state sovereign's power. But here we're dealing with an unconstitutional statute, and that always takes precedence. So to conclude, in the Supreme Court's opinion in Allen v. McCurry, the court said that federal courts should step in where state courts are unable or unwilling to protect federal rights. And Rooker-Feldman is often applied to prevent federal courts from doing just that. Rooker-Feldman is supposed to be narrowly applied, and where states have made it hard, if not impossible, to present a claim to vindicate federal rights, as is the case here, that's exactly the situation where Rooker should be set aside. All right. Thank you. We thank counsel for their arguments. The case just argued will be submitted. And with that, we are adjourned for the day and the week. All rise. This court for this session stands adjourned. Thank you.
judges: BENNETT, COLLINS, Foote